UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VANESSA M. CERA,

    Plaintiff,

    v.                                                  Case No. 18-CV-1726

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.

---

## DECISION AND ORDER

---

Vanessa M. Cera seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income under the Social Security Act, 42 U.S.C. § 405(g). For the reasons stated below, the Commissioner's decision will be reversed and the case remanded for further proceedings consistent with this decision pursuant to 42 U.S.C. § 405(g), sentence four.

## BACKGROUND

On April 25, 2013, Cera applied for supplemental security income and disability insurance benefits, alleging disability beginning on November 21, 2012. (Tr. 40.) The claims were denied initially and upon reconsideration. (*Id.*) A hearing was held before an Administrative Law Judge ("ALJ") on March 18, 2016. (Tr. 65–111.) Cera, who was represented by counsel, appeared and testified, as did a vocational expert ("VE"). (*Id.*)

In a written decision issued August 11, 2016, the ALJ found that from November 21, 2012 through June 10, 2014, Cera had the following severe impairments: affective disorder, personality disorder, anxiety disorder, obesity, and arthralgias in her bilateral knees, hips, and spine. (Tr. 44.) The ALJ found that she did not have an impairment or a combination of impairments that met or medically equalled one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (the "listings"). (Tr. 44–47.) The ALJ further found that, from November 21, 2012 through June 10, 2014, Cera had the residual function capacity ("RFC") to perform light work, with the following limitations: working in non-hazardous environments, i.e., no driving at work, operating moving machinery, working at unprotected heights or around exposed flames and unguarded large bodies of water, and avoid concentrated exposure to unguarded hazardous machinery; simple, routine tasks, work involving no more than simple decision-making, no more than occasional and minor changes in the work setting, and work requiring the exercise of only simple judgment; no work involving direct public service in person or over the phone, and only brief and superficial interaction with the public that was incidental to her primary job duties; no crowded, hectic environments; and only brief and superficial interaction with supervisors and co-workers, with no tandem tasks. (Tr. 47.) The AJL further found that due to periodic exacerbations of her symptoms, Cera would miss work an average of more than two days per month, which would preclude ongoing competitive work. (*Id.*) The ALJ concluded that Cera was under a disability from November 21, 2012 through June 10, 2014. (Tr. 52.)

From June 11, 2014 to the date of the decision, the ALJ found that Cera's severe impairments remained the same and did not meet or equal any of the listings. (Tr. 52.) The

ALJ found that Cera experienced medical improvement as of June 11, 2014. (Tr. 54.) The ALJ assigned an RFC for this time period that was identical to the earlier period except that it contained no limitation for absences more than two days per month. (Tr. 54–55.) With this new RFC, the ALJ found that there existed jobs in significant numbers in the national economy that Cera could perform. (Tr. 58.) The ALJ accordingly found that Cera's disability ended on June 11, 2014.

The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Cera's request for review. (Tr. 9–13.)

## DISCUSSION

### 1. *Applicable Legal Standards*

The Commissioner's final decision will be upheld if the ALJ applied the correct legal standards and supported his decision with substantial evidence. 42 U.S.C. § 405(g); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). Substantial evidence is not conclusive evidence; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010) (internal quotation and citation omitted). Although a decision denying benefits need not discuss every piece of evidence, remand is appropriate when an ALJ fails to provide adequate support for the conclusions drawn. *Jelinek*, 662 F.3d at 811. The ALJ must provide a "logical bridge" between the evidence and conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

The ALJ is also expected to follow the SSA's rulings and regulations in making a determination. Failure to do so, unless the error is harmless, requires reversal. *Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006). In reviewing the entire record, the court

does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Finally, judicial review is limited to the rationales offered by the ALJ. *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Campbell v. Astrue*, 627 F.3d 299, 307 (7th Cir. 2010)).

### 2. *Application to This Case*

Cera argues that the ALJ erroneously found that she experienced medical improvement after June 11, 2014 because he misconstrued the record regarding her hospitalizations in 2015 and 2016. (Pl.'s Br. at 14–15, Docket # 20.) Cera also makes several arguments related to medical records that were not in her administrative file at the time of the ALJ's decision (*id.* at 7–11, 15–16), and argues that the ALJ failed to properly apply the standard for medical improvement (*id.* at 11–14). I will address each in turn.

#### 2.1 Misconstruing the Record

Cera argues that the ALJ misconstrued the record in determining that she was not hospitalized for exacerbation of her mental health symptoms after June 11, 2014. (Docket # 20 at 14–15.) I agree.

The ALJ found that Cera experienced medical improvement as of June 11, 2014 largely because, whereas she had been repeatedly hospitalized for mental health episodes before that date, she had not been hospitalized for exacerbation of her symptoms after that date. (Tr. 54.) However, the ALJ based this on a misreading of one critical record. He stated that "when the claimant was hospitalized in August 2015, it was noted that she was not

4

experiencing any symptoms related to her mental health and she was only seeking emergency shelter due to being kicked out of [a shelter,] HALO (Ex. 20F/75)." (Tr. 54.) The ALJ repeated this rationale in explaining Cera's new RFC after June 11, 2014, concluding that she no longer required a limitation for absences from work more than twice monthly because she had not been hospitalized for exacerbation of her mental health symptoms after that date. (Tr. 56.) However, the record the ALJ cites ("Ex. 20F/75") does not in fact refer to Cera's August 2015 hospitalization. It describes a separate June 29, 2015 encounter in which Cera unsuccessfully sought admission to an inpatient mental health crisis program. (Tr. 969.) The actual records for the August 2015 admission, immediately prior to that page in the record, do document significant mental health symptoms: they indicate that Cera reported suicidal ideation with a plan to overdose on her medications, she scored at 6/6 or "VERY HIGH" risk for self-harm, and she was assessed as in need of emergency mental health services. (Tr. 958–69.)

This error was not harmless. Given the extent to the which the ALJ relied on the perceived lack of hospitalization for mental symptoms to support his finding of medical improvement and a change in RFC after June 11, 2014, it is possible that the ALJ might have reached a different conclusion had he accurately interpreted the dates on Cera's medical records. *See Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010) (explaining harmlessness standard). Therefore, the decision denying benefits after June 11, 2014 must be reversed and the case remanded.

### 2.2 Adequacy of the Record

Cera also makes various arguments that remand is required because the ALJ failed to request or consider 1305 pages of medical records from ProHealth Care, which Cera has provided with this appeal. (Docket # 20 at 7–13.) Because the case is being remanded on other grounds, I need not address this in detail. Cera is advised that under 20 C.F.R. § 404.1512, it is the claimant's responsibility to bring relevant evidence to the attention of the ALJ. The ALJ does have a responsibility to ensure a complete medical record, 20 C.F.R. § 404.1512(b), but that responsibility is extremely limited when the claimant is represented by counsel, as Cera was here. *Nicholson v. Astrue*, 341 F. App'x 248, 253–54 (7th Cir. 2009) ("The ALJ is entitled to assume that a claimant represented by counsel 'is making his strongest case for benefits.'") (citing *Glenn v. Sec'y of Health and Human Servs.*, 814 F.2d 387, 391 (7th Cir. 1987)); *see also Buckhanon ex rel. J.H. v. Astrue*, 368 F. App'x 674, 679 (7th Cir. 2010) (finding that where a plaintiff, represented by counsel, gathered some evidence but not other evidence, the proper inference was that the plaintiff decided the other evidence would not be helpful). The ALJ will consider the newly provided records on remand.

### 2.3 Medical Improvement

Finally, Cera argues that the ALJ failed to properly apply the standard for medical improvement because the ALJ did not adequately explain how the supposed improvement related to her ability to work. (Docket # 20 at 13–14.) I comment briefly to provide some guidance on remand. While the ALJ did explain the relationship between the medical improvement and the ability to work by explaining that Cera no longer needed to be absent from work two or more days per month after June 11, 2014 (Tr. 55–58), the ALJ provided

only one conclusory sentence under the relevant subheading. (Tr. 54.) It would have been helpful had the ALJ included his reasoning under the appropriate subheading rather than relying on reasoning scattered elsewhere in the decision.

## CONCLUSION

The ALJ misinterpreted a critical portion of the record, thereby failing to support his decision with substantial evidence. The Commissioner's decision that Cera's disability ended on June 11, 2014 is reversed and the case remanded pursuant to 42 U.S.C. § 405(g), sentence four.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the Commissioner's decision is **REVERSED** and the case is **REMANDED** for further proceedings consistent with this decision pursuant to 42 U.S.C. § 405(g), sentence four.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 5th day of December, 2019.

BY THE COURT:

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge